## Harkness, Appellant, *v.* Caven.

*Attorney at law—Negligence.*

An attorney at law who has properly drawn an agreement of sale and has given proper advice in reference to it, cannot be held liable because the agreement was not carried out, where it appears that the attorney had nothing whatever to do with the negotiations leading up to the agreement, or with the subsequent transactions between his client and the vendees.

Argued March 28, 1901. Appeal, No. 30, Jan. T., 1901, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1899, No. 299, refusing to take off nonsuit in case of Samuel Harkness v. Joseph L. Caven and the Real Estate Title Insurance and Trust Company of Philadelphia. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for alleged negligence. Before BRÉGY, J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*George Thorn Hunsicker*, for appellant.

*John C. Bell* and *John G. Johnson*, for appellee.

OPINION BY MR. JUSTICE POTTER, May 6, 1901:

The plaintiff agreed with certain parties to sell to them his sugar refinery and the machinery therein. After arranging terms, the plaintiff took the purchasers to his lawyer, Mr. Joseph L. Caven, and stating the substance of the agreement to him, asked to have it reduced to writing. This was done by Mr. Caven, and a few days later, having been read over, the contract of sale was signed by both parties. The plaintiff makes no complaint, as to the drawing of the agreement, and does not say that it failed in any way to express the real intention of the parties. He does charge that the agreement was not carried out, and that this failure was due to the joint negligence of Mr. Caven and the Real Estate Title Insurance and Trust Company. The plaintiff employed Mr. Caven as his attorney, but he seems to be imbued with the idea that this employment was to insure the success, from a business standpoint, of the negotiations, which he had undertaken for himself, in the sale of the property. There is nothing whatever in the evidence to justify a charge of negligence against Mr. Caven in his professional capacity. He prepared such papers for the plaintiff, as were requested. He gave the plaintiff advice when it was asked, and there is no pretense of anything being wrong with either the papers or the advice. The only connection which the other defendant, the Real Estate Title Insurance and Trust Company, had with the case, was in the conveyancing. The purchasers employed it to examine the title and make the deed. After the deed was prepared, it was duly executed by the plaintiff and his wife. The margin which the plaintiff had, in the real estate conveyed, over and above the incumbrances, was so small, that he had to give his check for $500, and his note for $1,202, to the purchasers in order to clear the title and enable him to receive the consideration for this part of the transaction. This consideration under the terms of the agreement was $1,187, in preferred stock of the Phœnix Preserving Company, and was received by the plaintiff, as he testified. The machinery on the premises was not to pass with the real estate, but was, according to the contract, to remain under the control of the plaintiff. But when sold, the proceeds were to be paid over to the Phœnix Preserving Company, in exchange for preferred stock. For some reason, which does not clearly appear, the plaintiff quarreled

with the purchasers, and a dispute arose over the fact that it was deemed advisable to take a Pennsylvania charter instead of incorporating under the laws of New Jersey. As a result the plaintiff claimed that he did not get the preferred stock which was to have been given him. However this may be, it was something with which neither of the defendants in this case, had anything to do. It was a business transaction between the plaintiff and his vendees, for the results of which these defendants were in no way responsible. The judgment of nonsuit, entered by the learned court below, was eminently proper.

The judgment is affirmed.